IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 04-06019-01-CR-SJ-DW |
| MARK B. DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the motion of defendant Mark B. Davidson ("Davidson") to dismiss the Indictment in this case [Doc. 17]. For the reasons set out, the Court recommends that Davidson's motion be denied. The salient facts are not in dispute. On December 8, 2004, the grand jury returned an indictment charging Davidson with being a felon in possession of a firearm. At the time, Davidson was apparently being incarcerated in a Missouri state correctional facility. Consequently, on December 14, 2004, the government sought a Writ of Habeas Corpus Ad Prosequendum, which the Court ordered the following day. It appears that the writ was executed on January 10, 2005. On that date, Davidson was brought to the federal courthouse, but for unknown reasons was not brought before a Magistrate Judge. Instead, Davidson was placed in detention with the Corrections Corporation for America in Leavenworth, Kansas. Finally, on February 22, 2005, Davidson was presented to a Magistrate Judge for his initial appearance and was appointed legal counsel. Davidson argues that, under these facts, the Indictment should be dismissed in that the delays resulted in a violation of FED. R. CRIM. P. 5, 18 U.S.C. § 2243, 18 U.S.C. § 3161, and the due process protections of the Fifth Amendment.

1

In several respects, Davidson is correct that technical violations of certain rules and statutes may have occurred. For instance, the Federal Rules of Criminal Procedure provide:

> A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . unless a statute provides otherwise.

FED. R. CRIM. P. 5(a). The government makes no argument that the delay in this case was "necessary." Similarly, federal law concerning the issuance and return of writs is fairly straightforward:

> [The writ] shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. . . . When the writ is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

28 U.S.C. § 2243. Again, the government makes no claim to having "good cause" to extend the statutory deadlines. It does appear to the Court that there was not strict compliance with the timing provisions of FED. R. CRIM. P. 5(a) and 28 U.S.C. § 2243.

In addition, Davidson argues that there has been a violation of the statutory provisions regarding a speedy trial. To that end, federal law requires that defendant charged by indictment must be brought to trial within seventy days from the filing of the indictment or from the date the defendant first appears before a judicial officer, whichever is later. 18 U.S.C § 3161(c)(1). Davidson concedes that his trial was scheduled on April 25, 2005, within seventy days of his first appearance before the Magistrate Judge,[1] however, Davidson argues that the Court should utilize

---

[1] On March 11, 2005, Davidson filed a motion to continue case effectively tolling the seventy day time frame under 18 U.S.C. § 3161(c)(1).

2

January 12, 2005 as the date by which he should <u>reasonably</u> have had his first appearance (*i.e.*, within 48 hours of his arrest by federal authorities).

The Court rejects Davidson's arguments that his statutory[2] speedy trial rights were violated. The statute in question makes no provision for utilizing <u>implied</u> dates in triggering the seventy-day calculation. As such, the Court is not inclined to read such a provision into an otherwise unambiguous statute. Moreover, even if the Court accepted Davidson's argument that January 12, 2005, was a reasonably implied date for his first appearance, Davidson moved for a continuance of his trial setting on March 11, 2005, within the implied seventy-day period.

Although the Court does not find a speedy trial violation, as noted above, the Court does find that there was not strict compliance with the timing provisions of FED. R. CRIM. P. 5(a) and 28 U.S.C. § 2243. Based on these violations, Davidson argues that the Indictment should be dismissed with prejudice. The language in neither rule or the statute dictates such an outcome.

The Eighth Circuit has instructed that in analyzing a violation of FED. R. CRIM. P. 5(a), the focus on whether an indictment should be dismissed is on the actual prejudice suffered by the defendant. *United States v. Gunn*, 540 F.2d 954, 960 (8th Cir. 1976). Thus, in *Gunn*, the Court found no prejudice arising from a six-day delay in presentment where the defendant "did not confess or make any incriminating statements" during the delay. *Id*.

---

[2] Because the Court finds no statutory violation, the Court likewise would find that Davidson's constitutional right to a speedy trial as set out in the Sixth Amendment was not violated.

In this case, Davidson does not argue any actual prejudice[3] (*e.g.*, incriminating statements made, evidence lost, witnesses disappearing) as a result of the improper delays under FED. R. CRIM. P. 5(a) and 28 U.S.C. § 2243. Instead, Davidson urges that "considerations of justice" require the adoption of a prophylactic rule in his case. In support of such a rule, Davidson notes that a dismissal with prejudice of his indictment would (1) implement a remedy for violations of FED. R. CRIM. P. 5(a) and 28 U.S.C. § 2243, (2) promote judicial integrity, and (3) deter similar conduct in the future. While each of the goals is laudable, this Court believes that the implementation of a prophylactic rule for violations of FED. R. CRIM. P. 5(a) and 28 U.S.C. § 2243 is a matter that should be addressed by a higher court. The Court would note for the record, however, that there is no evidence in the record that the delays in Davidson's case were intentional or undertaken deliberately by the government for tactical advantage.[4]

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the motion of defendant Mark B. Davidson ("Davidson") to dismiss the Indictment in this case [Doc. 17].

---

[3] It is important to note that the delay in bringing Davidson before a Magistrate Judge did <u>not</u> result in Davidson being unnecessarily incarcerated inasmuch as Davidson was already serving a state sentence.

[4] Davidson makes the point in his briefing with the Court that the government has recently issued a press release announcing its 700th indictment under Project Ceasefire for illegal firearm possession. Davidson insinuates that the volume of cases has compromised the fairness and integrity of the process for individual defendants. The Court has not observed such a result. More specific to the issues in this case, the Court is not aware of any other cases in this district (whether "felon in possession" cases or not) where delays such as those present in Davidson's case have occurred. Based on the evidence presented, the Court concludes the delays in Davidson's case were the result of inadvertent negligence and not an overload of the judicial system.

Counsel are reminded that each has 10 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                        */s/ John T. Maughmer*
                                        **John T. Maughmer**
                                    **Chief United States Magistrate Judge**